IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEVIN L. WILSON and DANA WILLIAMS WILSON                    PLAINTIFFS


        VS.                              CIVIL ACTION NO. ____5:18-cv-80-DCB-MTP____

PHILIP WEST, Individually and in his Official Capacity
as Vice-President of the Natchez-Adams School District;
JACQUELINE L. MARSAW, Individually and in concert
with Defendant, PHILIP WEST, NATCHEZ-ADAMS
SCHOOL DISTRICT BOARD OF TRUSTEES, Amos
James, Philip West, Thelma Newsome and Brenda Robinson,
Individually and in their Official Capacities and in concert
With Defendant, Philip West; and JOHN DOES NOS. 1-10          DEFENDANTS


COMPLAINT

        COME NOW, the Plaintiffs, KEVIN L. WILSON and DANA WILLIAMS WILSON, by

and through counsel, files this their Complaint against the Defendants, PHILIP WEST,

JACQUELINE L. MARSAW, NATCHEZ-ADAMS SCHOOL DISTRICT BOARD OF

TRUSTEES, including Amos James, Philip West, Thelma Newsome and Brenda Robinson, and

JOHN DOES NOS. 1-10, for the relief sought herein.   In support of this Complaint, KEVIN L.

WILSON and DANA WILLIAMS WILSON, by and through his counsel, would state and show

unto the Court the following, to-wit:

JURISDICTION AND VENUE

        1.   This civil action is brought under the laws of the United States of America, in

accordance with 28 U. S. C. Section 1331.   Moreover, at all material and relevant times, as

alleged herein, the Defendants, Philip West (hereinafter sometimes referred to as "West"),

Jacqueline L. Marsaw (hereinafter sometimes referred to as "Marsaw"), Natchez-Adams School

District Board of Trustees, Amos James, Philip West, Thelma Newsome and Brenda Robinson (hereinafter sometimes referred to as the "Board"), and John Does 1-10, are situated in and/or may be found in Adams County, Mississippi, and the actions or omissions set forth herein below arose or accrued in Adams County, Mississippi, such that this Court has subject matter and personal jurisdiction and such that venue is proper in this Court, in this District and in this Division.   Specifically, the Plaintiffs seek relief for violations of his rights and privileges in accordance with 42 U. S. C. Sections 1983, 1985 and 1986, as well as those rights and privileges afforded him under the *First*, *Fourth, Fifth* and *Fourteenth Amendments* to the *United States Constitution*.   Plaintiffs would state and show that the execution of policies and customs or usage of such policies and customs of the Defendants has deprived the Plaintiffs of certain rights and privileges secured to him by the *United States Constitution*. The Plaintiffs would further state and show unto the Court that they are entitled to preliminary and permanent injunctions against the Defendants, and each of them, in accordance with Rule 65 of the *Federal Rules of Civil Procedure*, as more particularly set forth herein below.   Plaintiffs also assert certain pendent state law claims against the Defendants, and each of them, under the laws of the State of Mississippi, including defamation, intentional interference with Plaintiffs' business contracts, enterprises and other advantageous relationships, intentional and negligent infliction of emotional distress, and retaliation for having reported unlawful conduct and related claims, which shall be hereinafter incorporated in this civil action upon the exhaustion of procedures and remedies, in accordance with the heretofore provided appropriate notice required under the *Mississippi Tort Claims Act*, Sections 11-46-1, *et seq.*, of the *Mississippi Code of 1972, Annotated*, as amended, such that they are entitled to pursue all of such pendent state law claims

in this civil action.   The claims of the Plaintiff have therefore been denied by the Defendants prior to the instigation of this litigation.

PARTIES

2.   The Plaintiffs, Kevin L. Wilson and Dana Williams Wilson, are adult resident citizens of Natchez, Adams County, Mississippi, and they own and operate business enterprises in Natchez, Adams County, Mississippi, including, but not limited to Ram Rental, So Classy Events and Party Rental, and other related and owned businesses and enterprises, including Wilson 2015, LLC, a limited liability company, organized and existing under the laws of the State of Mississippi, all of which are hereby joined in this action, by and through the Plaintiffs herein.

3.   Defendant, Philip West, Individually and as the Vice-President of Defendant, Natchez-Adams School District Board of Trustees, is an adult resident citizen of Natchez, Adams County, Mississippi, and he may be served with process of this Court at either the offices of the Natchez-Adams School District, located at 10 Homochitto Street, Natchez, Mississippi, or his residence at 8 Sun Court, Natchez, Adams County, Mississippi 39120, or wherever he may be found. At this time, all claims against Defendant West are brought in both his individual capacity and his official representative capacity, as Vice-President of the Natchez-Adams School District Board of Trustees, such that he was acting under color of State law, as more fully set forth herein below.

4.   Defendant, Jacqueline L. Marsaw, is an adult resident citizen of Natchez, Adams County, Mississippi, and she may be served with process of this Court at her residence located at

3

317 Dumas Drive, Apartment "A', Natchez, Adams County, Mississippi 39120, or wherever she may be found.

5.    Defendant, Natchez-Adams School District Board of Trustees, including Amos James, Philip West, Thelma Newsome and Brenda Robinson, are the School District Board of Trustees of public schools and education facilities and a governmental authority, organized and existing under the laws of the State of Mississippi, as a political subdivision thereof.   This Defendant may be served with process of this Court upon the current Superintendent, Fred T. Butcher, at his place of employment, located at 10 Homochitto Street, Natchez, Adams County, Mississippi 39120, or upon the President of said Defendant Board of Trustees, Amos James, at the same said place, or wherever they may be found.   At all material and relevant times, as alleged herein, Defendant Natchez-Adams School District Board of Trustees, acted by and through its employees, agents, and other representatives, such that all of their actions, conduct or omissions, as alleged herein are imputed to Defendant, Natchez-Adams School District Board of Trustees, inasmuch as this Defendant and its members, were at all such times and circumstances acting under color of State law.   More specifically, the Natchez-Adams School District Board of Trustees acted by and through, among others, Amos James, Philip West, Thelma Newsome and Brenda Robinson, and others, such that their respective unlawful actions, conduct or inaction are imputed to the Natchez-Adams School District Board of Trustees, in their respective official capacities.

6.    Defendants, John Does 1-10, are persons, entities, or businesses, the identities of which are currently unknown to the Plaintiffs, or for which the Plaintiffs have no actual or constructive notice of such Defendants' liability for the claims and causes of action set forth

herein below.   Plaintiffs would therefore show unto the Court that the identities or liabilities of

such Defendants are wholly within the control and knowledge of the named Defendants, such

that the Plaintiffs currently have no reasonable knowledge or information concerning these

Defendants' identities or liabilities, after reasonable and diligent search and inquiry.   Plaintiffs

would further state and show unto the court that said John Does 1-10 may be persons, businesses

or entities, which are domiciled in the State of Mississippi and which may be responsible for the

actions, reprisals, violations and retribution which has been taken against the Plaintiffs, as more

particularly set forth herein below, all of which is the subject matter of this litigation. However,

upon information and belief, these Defendants may likewise be liable to the Plaintiffs for all

injuries, damages, claims, and causes of action set forth herein.   Plaintiffs therefore reserve the

right to individually name such Defendants and join such Defendants, pursuant to Rules 19 and

20 of the *Federal Rules of Civil Procedure*, upon discovery of the true identities and liabilities of

the same.

FACTS

5.   On July 20, 2017, the Plaintiffs appeared before the Board, in order to express their

opinions, views, facts and concerns regarding the Board's proposed issuance of bonds or tax

notes, which would adversely affect the Plaintiffs' taxation liabilities and obligations.   All such

statements by the Plaintiffs were made in accordance with their rights and privileges under the

*First Amendment* to the *United States Constitution*, as protected speech.   At all material and

relevant times, as alleged herein, the Board and its members were acting under color of State

law.

5

6.   Prior thereto and as the impetus of the appearance by the Plaintiffs before the Board, on or about July 5, 2017, the Board of Trustees of the Natchez-Adams School District caused to be published in the *Natchez Democrat*, a general notice of its intent to borrow the above referenced indebtedness in the amount of $9,000,000.00 for the purported purpose of funding certain projects or plans, supposedly in accordance with Sections 37-59-101, *et seq.*, of the *Mississippi Code of 1972, Annotated*, as amended.   However, such general published notice did not provide actual and proper notice to the Plaintiffs, including any and all taxpayers, citizens and taxable landowners with properties, which would be subject to taxable millage to secure such indebtedness of the Board.   Plaintiffs would therefore state and show unto the Court that said resolution of the Board of Trustees of the Natchez-Adams School District violates and is contrary to said laws of the State of Mississippi.

7.   As further the impetus for the Plaintiffs' appearance before the Board, on or about May 23, 2017, the Board lost in its resolution for issuance of a general obligation bond of $35,000,000.00, inasmuch as a majority of the taxpayers and citizens of Natchez, Adams County, Mississippi, refused to fund such taxable bond.   Such a substantial defeat caused the Board of the District to seek the method and manner of circumventing the electors of Adams County, Mississippi, and caused further harmful and costly debt to be incurred, rather than conducting itself in a prudent and financially competent manner, so as to properly, ethically and intelligently serve the interests of the student of the District.   Fueled by openly expressed racial disdain for the Plaintiffs, as electors and taxpayers of Adams County, Mississippi, as officially and individually expressed by Board Vice-President, Philip West, as particularly recorded in the official minutes of the Board of July 20, 2017, the Board then secretly and in violation of *Miss.*

*Code Ann.* §§25-41-5 and 25-41-13 determined to cause the issuance of a Resolution, which is unrecorded and unauthorized, in which it sought issuance of the subject Tax Notes for $9,000,000.00 and "Trust Certificates" for an additional $25,000,000, for leased property from the purported Natchez-Adams Leasing Authority, Inc., which corporation is incorporated by W. David Watkins, who then had pending charges of fraud and embezzlement for similar bond activities and who has been sanctioned by the Mississippi Secretary of State, as more particularly set forth herein below.   Indeed, between the failure of the aforesaid bond issue on May 23, 2017 and the publication of the subject indebtedness on or about July 5, 2017, none of the minutes of the Natchez Adams School District Board reflect any open meetings in which such a purported Resolution was proposed, motioned, seconded, and voted upon as required by *Miss. Code Ann.* §§25-41-5 and 25-41-13.   Moreover, such secretive and clandestine activities of the Board are wholly abhorrent to the laws of the State of Mississippi and the spirit of an open and representative government, as ratified by such racial animus expressed by Board Vice-President West, in both his official and individual capacities.   As such the actions and conduct of the subject Board violate the due process rights and privileges of the Plaintiffs and the equal protections of the *United States* and *Mississippi Constitutions*, as more particularly set forth herein below.

8.   On July 20, 2017, the Plaintiffs, along with other similarly situated taxpayers and citizens of Natchez, Adams County, Mississippi, appeared before the Board of Trustees and requested that actions to be taken by the Board on the question of incurring said indebtedness be called for an election by the electors of Adams County, and then and there, the Board of Trustees was presented with a petition signed by electors of Adams County.   The Plaintiffs would state

7

and show unto the Court that said Petition then and there contained the signatures of over 3,000 of said electors, with additional electors subsequently joining in said petition.   The Plaintiffs would therefore state and show unto the Court that a proper and lawful election on the question of any issuance of the subject Tax Notes and all such similar indebtedness should have been placed for an election as governed by the provisions of *Miss. Code Ann.* §§37-59-11 and 37-59-17.   All such speech by the Plaintiffs were made under the protections, rights and privileges of the *First Amendment*.

9.   At the meeting of the Board of Trustees of the School District held on July 20, 2017, no "***final action*** *upon the question of authorizing the borrowing of said money*" was taken by the Board of Trustees of the School District.   Instead, the President of said Board of Trustees, Amos James, declared that said meeting was adjourned, without proper authority and vote of the Board of Trustees, in accordance with rules of proper procedure. Instead, at said meeting of the Board, on July 20, 2017, Defendant West then defamed and slandered the Plaintiffs by repeatedly, intentionally, maliciously and negligently stating with hate before the public that the Plaintiffs were racist and were taking racist actions.   The Plaintiffs would state and show unto the Court that Defendant West, in both his individual and official capacities, lacked any facts or reasonable basis to proclaim that the Plaintiffs were racist or were taking racist actions. Indeed, all such statements of Defendant West are patently false and are not protected speech, inasmuch as his clearly hate-driven and unmitigated conduct evinces his efforts and intent to cause loss and harm to the Plaintiffs.   As a direct and proximate result of the actions and conduct of Defendant West, the Plaintiffs have suffered actual and compensatory, incidental and consequential, damages all to their loss and detriment.

8

10.    Moreover, at said meeting of July 20, 2017, the Board took no action whatsoever to censure or otherwise discipline Defendant West, such that the inaction of the Board operates and evinces its agreement and acquiescence to the racially hate-driven or induced actions and conduct of Defendant West.   Therefore, Plaintiffs would state and show unto the Court that Defendant Board, acting under color of State law, lacked any facts or reasonable basis to proclaim that the Plaintiffs were racist or were taking racist actions. Indeed, all such statements of Defendant Board are patently false and are not protected speech, inasmuch as its clearly hate-driven, induced and unmitigated conduct evinces its efforts and intent to cause loss and harm to the Plaintiffs.   As a direct and proximate result of the actions and conduct of Defendant Board, the Plaintiffs have suffered actual and compensatory, incidental and consequential, damages all to their loss and detriment.

11.    Thereafter, on or about July 24, 2018, Defendant Marsaw, in concert and conspiracy with Defendant West, caused defamatory and hate-driven and induced publications to be made on social media, which likewise evinces the patently false statements that the Plaintiffs are racists and that all persons should therefore boycott the businesses and enterprises owned and operated by the Plaintiffs, so as to cause loss and damages to the Plaintiffs.   Defendant Marsaw's conduct is not protected speech, inasmuch as it lacks any truth or merit whatsoever, but rather it is the result of the hatred and wrongful actions of Defendant Marsaw for the Plaintiffs' rightful exercise of their rights and privileges under the *First Amendment* to oppose or otherwise speak out against the onerous bond and tax obligation of the Board, as set forth herein above. Indeed, all such statements of Defendant Marsaw are patently false and are not protected speech, inasmuch as its clearly hate-driven, induced and unmitigated conduct evinces its efforts

and intent to cause loss and harm to the Plaintiffs.   As a direct and proximate result of the actions and conduct of Defendant Marsaw, the Plaintiffs have suffered actual and compensatory, incidental and consequential, damages all to their loss and detriment.

12.   The Plaintiffs would further state and show unto the Court that, through their respective actions, conduct and statements, Defendant, West, Marsaw, and the Board, by and through its members, representatives and officials named above, violated the Plaintiffs' constitutional rights and privileges guaranteed them by the *First, Fourth and Fourteenth Amendments* to the *United States Constitution*, including their rights of Free Speech, Freedom of Association and rights of Privacy.

13.   The Plaintiffs would further state and show unto the Court that Defendants, and each of them, engaged in conduct and made statements that invaded the privacy of the Plaintiffs and their businesses.   Such conduct and false statements had no relationship to any legitimate State business or any reasonable public interests, such that the Defendants, and each of them, have violated the Plaintiffs' rights of Privacy, from such unwarranted intrusion, from damage to their reputation and status, and from taking of their property without due process of law.

14.   As a direct and proximate result of the defamatory, intentional, unlawful and wrongful conduct of the Defendants, and each of them, as well as the portrayal of the Plaintiffs in a false light, the Plaintiffs have suffered actual and compensatory damages, incidental and consequential damages, all to their loss and detriment.

15.   Furthermore, such outrageous, willful and malicious conduct by the Defendants, and each of them, including those actions taken at the direction and impetus of Defendant West, may be considered as punitive in nature and subject the Defendants, and each of them, to additional

liability for the improper and illegal defamation of the Plaintiffs, interference with their contractual rights and privileges, damage to their reputations and careers, and all other such related claims.

16.   The Plaintiffs would further state and show unto the Court that, due to the above and foregoing unlawful and wrongful conduct of the Defendants, and each of them, this Court should deem the incurring of the aforesaid bond and tax indebtedness null and void as a matter of law, since the subject resolution was improperly made and without proper legal notice, in violation of the above and foregoing statutory and constitutional provisions, deem the actions and conduct of the Board of Trustees of the Natchez-Adams School District to be a taking of property of the Plaintiffs for public use, in violation of the *Fifth Amendment of the United States Constitution*, prohibit the Board from imposing or otherwise taxing the Plaintiffs as security for said indebtedness and from taking any further action thereon, and/or such other lawful action so as to remedy and provide relief to the Plaintiffs therefor.

17.   Plaintiffs likewise challenged the constitutionality of the actions of the Board, which sought to circumvent the will of the electors of Adams County, Mississippi, as determined in the referendum election held on or about May 23, 2017, which defeated the same onerous tax and indebtedness measures that the Board now seeks to enforce upon the Plaintiffs, as taxpayers of Adams County, inasmuch as their actions and conduct violate the *Fifth Amendment to the United States Constitution*.

18.   Therefore, the Plaintiffs would state and show unto the Court that any and all actions by the Board of Trustees are null and void, as a matter of law, as being a taking of property of the Plaintiffs for public use, in violation of the *Fifth Amendment of the United States*

*Constitution*, as well as violations of the due process and the equal protections of the laws of the United States of America.

DAMAGES AND LOSSES

19.   The Plaintiffs would state and show unto the Court that, as a direct and proximate result of the actions, conduct and omissions of the Defendants, and each of them, they have suffered the following actual and compensatory, incidental and consequential, damages, all to their loss and detriment, including, but not limited to, the following:

a. damage to their reputation;

b. damage to their standing in the community and among their colleagues;

c. loss of income and other benefits and compensation or revenue of their businesses;

d. mental and emotional distress;

e. loss of their liberty in being able to seek and obtain business and business-related relationships with third parties;

f. damages as a result of the false light portrayed by Defendants of the Plaintiffs;

g. damage to the Plaintiffs' property rights and interests;

h. damage to the Plaintiffs as a result of the invasion of the Plaintiffs' rights of privacy and the abridgement of their rights of free speech and association, as more specifically set forth herein above; and

i.   such other damages and losses as may be shown at the trial of this matter.

<u>COUNT I</u>

20. Plaintiffs would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and they would further state and show unto the Court the following:

21. Plaintiffs would state and show unto the Court that the Defendants, and each of them, engaged in the aforesaid wrongful conduct, in violation of the Plaintiffs' rights and privileges afforded them under the *First*, *Fourth* and *Fourteenth Amendments* to the *United States Constitution*.   Thus, the Plaintiffs hereby seek recovery for the violations of their rights to substantive and procedural due process of the laws, rights of free speech, rights of freedom of association and rights of privacy.

22. As a direct and proximate result of said violations and wrongful conduct, the Plaintiffs have suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable.

<u>COUNT II</u>

23. Plaintiffs would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and they would further state and show unto the Court the following:

24. Plaintiffs would further state and show unto the Court that the Defendants, and each of them, acting under color of state law and in consort with each other against the Plaintiffs, engaged in the aforesaid wrongful conduct, all in an effort to deprive the Plaintiff of their aforesaid constitutional rights and privileges, as guaranteed to them under the *First, Fourth* and *Fourteenth Amendments*, in violation of 42 U.S.C. Section 1983.   Thus, the Plaintiffs hereby

seek recovery for the violations of their rights to substantive and procedural due process of the laws, rights of free speech, rights of freedom of association and rights of privacy.

25. Plaintiffs would further show unto the Court that the actions and conduct of the Defendants, and each of them, constituted the purposeful prevention or hindering of the Plaintiffs from the due process and equal protection of the laws of the United States of America.   As a result thereof, the Defendants conspired to deprive or injure the Plaintiffs, in their person, liberty or property, such that the Defendants conspired to and did violate the terms and provisions of 42 U.S.C. Section 1985.

26. Moreover, Plaintiffs would show unto the Court that the Defendants conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the Plaintiffs from engaging the due course of justice in the State of Mississippi and in the United States of America, with the intent to deny them the equal protection of the laws, all in violation of 42 U.S.C. Section 1985.

27. Further, Plaintiffs would show unto the Court that, in further violation of 42 U.S.C. Section 1985, the Defendants conspired to prevent the enforcement of Plaintiffs' rights and privileges under the *First*, *Fourth* and *Fifth Amendments* to the *United States Constitution*, as well as those rights and privileges pursuant to the *Fourteenth Amendment* of the *United States Constitution*, by such conspiracy to prevent the Plaintiffs from fully, freely and truthfully discharging their duties, and from which the Plaintiffs have suffered actual and compensatory damages, all to their loss and detriment.

28. Finally, Plaintiffs would state and show unto the court that the Defendants violated 42 U.S.C. Section 1986, inasmuch as each of them, their representatives and officials, failed or

refused to prevent the commission of the aforesaid acts of harm, through the Defendants' conspiracy.

29. Plaintiffs would therefore assert that the Defendants violated the Plaintiffs' rights and privileges afforded them under 42 U.S.C. Sections 1983, 1985 and 1986.

30. As a direct and proximate result of said violations and wrongful conduct, the Plaintiffs have suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable.   They are likewise entitled to all relief afforded them under 42 U.S.C. Section 1988.

<u>COUNT III</u>

31. Plaintiffs would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and they would further state and show unto the Court the following:

32. Plaintiffs would state and show unto the Court that the Defendants, and each of them, engaged in the intentional, willful, wanton, negligent and grossly negligent infliction of mental and emotional distress upon the Plaintiffs, such that the Plaintiffs have suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable.

<u>COUNT IV</u>

33. Plaintiffs would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and they would further state and show unto the Court the following:

34. The Plaintiffs would further state and show unto the Court that, under substantive Mississippi common law, the Defendants engaged in the willful, wanton and malicious invasion of his privacy, such that they hereby allege a pendent state law claim against the Defendants for such wrongs, and such that they are liable to them therefor.

35. Plaintiffs have suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable.

COUNT V

36. Plaintiffs would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and they would further state and show unto the Court the following:

37. Plaintiffs would further state and show unto the Court that Defendants have engaged in such actions and conduct, as more particularly set forth herein above, which are defamatory of the Plaintiffs and portray Plaintiff in a false light, so as to cause harm upon the Plaintiffs' rights and privileges and their business opportunities, such that the Plaintiffs have suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable.

COUNT VI

38. Plaintiffs would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and they would further state and show unto the Court the following:

39.   Plaintiff would finally state and show unto the Court that the Defendants, and each of them, engaged in the formation, facilitation, and perpetration of a civil conspiracy, so as to

cause all such manner of harm, losses and injuries upon the Plaintiffs, such that the Defendants, and each of them, whether by deed, artifice, word or conduct, have engaged in such wrongful and unlawful activity, such that the Plaintiffs have suffered and incurred actual and compensatory, incidental and consequential, damages, for which these Defendants, and each of them, are liable.

COUNT VII

40.   Plaintiffs would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and they would further state and show unto the Court the following:

41. Plaintiffs would further state and show unto the Court that he lawfully and in good faith reported the illegal and unlawful conduct of the Board, set forth above.   As a direct and proximate result of such lawful reporting of said illegal and unlawful conduct, the Plaintiffs were unlawfully retaliated against and otherwise subjected to wrongful reprisals by the Defendants, and each of them.   The Plaintiffs have therefore suffered and incurred actual and compensatory, incidental and consequential, damages, for which these Defendants, and each of them, are liable.

DEMAND FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Kevin L. Wilson and Dana Williams Wilson, by and through his counsel, hereby demands a judgment of, from and against the Defendants, and each of them, and award unto the Plaintiffs the following relief:

A.   All actual and compensatory, incidental and consequential, damages, to which they are entitled and which a jury of their peers and this Court may deem appropriate, under the aforesaid facts and circumstances.

17

B.   All punitive damages, which a jury of their peers and this Court deem appropriate, based upon the facts that the Defendant engaged in such bad faith, intentional, willful, wanton, and grossly negligent conduct and reckless disregard for the rights and privileges of the Plaintiffs and others, such that the Defendants, and each of them, should be subjected to the imposition of punitive damages in an amount so as to punish the Defendants for such conduct; so as to deter the Defendants from engaging in such conduct in the future; so as to deter other similarly situated Defendants from engaging in such conduct in the future; and so as to bring such wrongdoers to public account.

C.   Injunctive relief, preliminary and permanent, in the form of both mandatory and prohibitive judgments, ordering and directing for the Defendants be ordered to cease and desist from engaging in conduct which violates the rights and privileges of the Plaintiffs and other similarly situated electors and taxpayers, and to order a revision to the policies and procedures of Defendant Board, so as to prevent such violations of fundamental rights in the future, including, but not limited to proper legal and enforceable language, as well as such other equitable and injunctive relief, either general or specific, as the Court may deem appropriate.

D.   All prejudgment and post-judgment interest, as deemed appropriate by this Court.

E.   All attorney fees, costs and expenses, as deemed appropriate by this Court, and in accordance with 42 U.S.C. Section 1988.

Further, the Plaintiffs pray for such other relief, either general or specific, as the Court and a jury of Plaintiffs' peers deems appropriate.

RESPECTFULLY SUBMITTED, this the 20th day of July, 2018.

KEVIN L. WILSON and DANA WILLIAMS WILSON, PLAINTIFFS

By: */s/ Paul A. Koerber*_____
PAUL A. KOERBER

Presented to the Court by:

Paul A. Koerber
Koerber Law Firm, PLLC
Attorneys at Law
Mississippi Bar No. 4239
Post Office Box 184
Biloxi, Mississippi 39533
(228) 436-0022

## REQUEST FOR TRIAL BY JURY

COME NOW, the Plaintiffs, Kevin L. Wilson and Dana Williams Wilson, by and through counsel, and respectfully requests a trial by a jury of their peers, of all claims, causes of action and issues set forth in the above and foregoing Complaint, pursuant to Rule 38 of the *Federal Rules of Civil Procedure* and the *Seventh Amendment* to the *United States Constitution*.

RESPECTFULLY SUBMITTED this the 20th day of July, 2018.

KEVIN L. WILSON and DANA WILLIAMS WILSON, PLAINTIFFS

By: */s/ Paul A. Koerber*_____
PAUL A. KOERBER

19