IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEVIN L. WILSON and DANA WILLIAMS WILSON                 PLAINTIFFS

V.                                  CAUSE ACTION NO. 5:18-CV-80-DCB-MTP

PHILIP WEST, Individually and in his Official
Capacity as Vice-President of the Natchez-
Adams School District;
JACQUELINE L. MARSAW, Individually and in
concert with Defendant, PHILIP WEST;
NATCHEZ-ADAMS SCHOOL DISTRICT BOARD OF
TRUSTEES; Amos James, Philip West, Thelma
Newsome and Brenda Robinson Individually and
in their Official Capacities and in concert
with Defendant, Philip West; and JOHN DOES
NOS. 1-10                                                DEFENDANTS

**ORDER**

Before the Court is Defendant Jacqueline L. Marsaw ("Marsaw")'s Motion to Dismiss **[Doc. 20]** and the plaintiff's Response in Opposition [Doc. 31]. For the reasons that follow, the Motion to Dismiss **[Doc. 20]** is DENIED.

**Background**

The plaintiffs allege violations of their First, Fourth, and Fourteenth Amendment rights. Doc. 1, p.10, ¶12. They also allege that the defendants conspired with the intent to deny the plaintiffs the equal protection of the laws in violation of 42 U.S.C. § 1985. The plaintiffs claim that Marsaw conspired with other defendants and caused "defamatory and hate-driven [speech]

and induced publications to be made on social media, which likewise evinces the patently false statements that the [p]laintiffs are racists and that all persons should therefore boycott the businesses and enterprises owned and operated by the [p]laintiffs, so as to cause loss and damages to the [p]laintiffs." Doc. 1, p.9, ¶11. The plaintiffs also claim that "[a]s a direct and proximate result of the actions and conduct of Defendant Marsaw, the [p]laintiffs have suffered actual and compensatory, incidental and consequential, damages all to their loss and detriment." Doc. 1, p.10, ¶11. The plaintiffs maintain that "[t]his case is about the retaliatory boycott pursued by the Defendants, including Marsaw, and not about validation of bonds under state statutory law." Doc. 32, p.2. Therefore, the plaintiffs allege that the defendants retaliated against the plaintiffs' expression of their First Amendment rights. Doc. 1, p.9, ¶11. The plaintiffs also make claims of mental and emotional distress, invasion of privacy, and harming business opportunities. See Doc. 1. Marsaw seeks to dismiss the action on the grounds that the plaintiffs have failed to state a claim upon which relief may be granted. Doc. 20, p.1, ¶1.

**Standard of Review**

The Fifth Circuit makes clear that to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

2

its face.'" <u>Gonzalez v. Kay</u>, 577 F.3d 600, 603 (5th Cir. 2009)(citing and quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007))). A complaint is facially plausible when the complaint contains factual content that allows the court to draw a reasonable inference that the defendant is liable of the alleged misconduct. <u>Id.</u> The Court accepts well-pleaded facts as true and considers them in the light most favorable to the plaintiff. <u>Romero v. City of Grapevine, Tex.</u>, 888 F.3d 170, 176 (5th Cir. 2018)(citing <u>Stokes v. Gann</u>, 498 F.3d 483, 484 (5th Cir. 2007)). In ruling on the defendant's motion, the Court may rely on the complaint, its proper attachments, and documents incorporated into the complaint by reference. <u>Wolcott v. Sebelius</u>, 635 F.3d 757, 763 (5th Cir. 2011).

## Analysis

Regarding hate-speech, Marsaw moves to dismiss, claiming that "being called a racist does not constitute hate speech within the purview of the First Amendment." Doc. 21, p.3. Marsaw discusses several Supreme Court cases concerning speech protected by the First Amendment and contends that because her speech is protected by the First Amendment, the plaintiffs claims should be dismissed. Doc. 21, p.5. However, Marsaw does not argue the elements of pleading hate-speech or what determines whether a word is actionable in court.

3

> Miss. Code Ann. § 95-1-1 states
>
> All words which, from their usual construction and common acceptation, are considered as insults, and calculated to lead to a breach of the peace, shall be actionable. . . .

<u>Id.</u> The plaintiffs allege that defendants stated that the plaintiffs are racists. Doc. 1, p.9. ¶11; Doc. 32, p.6.

Because the Court considers all well-pleaded facts as true and considers them in the light most favorable to the plaintiff at this stage of the proceedings, the Court does not dismiss the plaintiffs' claims against Marsaw simply because she contests the plaintiffs' allegations and claims their claims will not succeed at trial, based on Supreme Court cases regarding First Amendment violations. <u>See</u> <u>Romero</u>, 888 F.3d at 176. Therefore, the Court analyzes whether "racist" fits Miss. Code Ann. § 95-1-1's category as an actionable word. To be an actionable word, the word "racist" must be "considered as [an] insult[], and [be] calculated to lead to a breach of the peace." Miss. Code Ann. § 95-1-1. The Court finds that "racist" meets those requirements. Therefore, the word is actionable and the plaintiffs' Complaint should not be dismissed simply because Marsaw "denies that she uttered such." [Doc. 21, p.2, 6]

Regarding the plaintiffs' defamation claims, Marsaw lays out the elements necessary to prove defamation. Doc. 21, p.6. She

4

argues that the plaintiffs failed to state a claim because the elements of proof have not been satisfied. Id. Marsaw makes this conclusion because she contends that she did not remark that the plaintiffs were "racist." Id. The standard for overcoming a motion to dismiss, however, is not the same standard applied to succeed at trial.

> To properly plead defamation, the plaintiffs must show
>
> (1) A false and defamatory statement concerning the plaintiffs;
> (2) An unprivileged publication to a third party;
> (3) Fault amounting to at least negligence on the part of the publisher; and
> (4) Either actionability of the statement irrespective of the special harm or the existence of special harm caused by the publication.

Moon v. Condere Corp., 690 So.2d 1191, 1195 (Miss. 1997)(internal citations omitted). The fault requirement is heightened if the allegedly defamed party is a public figure, however, neither the plaintiffs nor Marsaw claim that the plaintiffs are public figures. Id. The first element is met because the plaintiffs claim that Marsaw "induced publications to be made on social media, which likewise evinces the patently false statements that the [p]laintiffs are racists." Doc. 1, p.9, ¶11. Marsaw argues that

the second element is not met because "Plaintiffs have made no allegations that Defendant Marsaw made these statements to anyone, but that she caused the statement to be made." Doc. 21, p.6. Marsaw attempts to dismiss the plaintiffs' Complaint on a technical interpretation of "stating" and "causing statements." Accepting well-pleaded facts as true and considering them in the light most favorable to the plaintiff, this Court interprets the plaintiffs' language "causing statements to be made on social media" as fulfilling the unprivileged publication requirement of <u>Moon v. Condere Corp.</u> Supporting this finding is plaintiffs' claim that "[i]n concert with [Defendant] West, Defendant Marsaw then caused postings on her Facebook page, in which she threatened bodily harm to Mrs. Wilson." Doc. 31, p.6. Facebook page postings are publications to third parties. The third element is met because the plaintiffs claim that Marsaw conspired to make patently false statements. Doc. 1, p.9, ¶11.

Regarding the final element of defamation, Marsaw argues that it has not been met. Marsaw states that "special harm" is the "loss of something having economic or pecuniary value." <u>Speed v. Scott</u>, 787 So.3d 626, 632 (Miss. 2001); Doc. 21, p.6. Marsaw alleges, "Here, there has been no loss reported by the Plaintiffs." <u>Id.</u> However, the plaintiffs allege damage to their business as a result of the alleged defamation. Doc. 1, p.9, ¶11. Specifically, the plaintiffs allege that several patrons no longer patronize the

plaintiffs' business, Ram Rental, since the publications. Doc. 32, p.6:

> [I]n the year 2017 absolutely no business was done by the [Natchez Adams School District ("NASD")] with Ram Rental and only one transaction occurred in 2018. Defendant West himself boycotted the business, when he had previously patronized it. Other customers, Carlos Wright and Curtis Ford, who had previously patronized the business and who have performed sub-contracting work for the NASD, have not placed a single order with Ram Rental throughout 2018.

Id. (internal citations omitted). The Court considers the loss of patronage to a business as an economic value. Therefore, the Court finds that the plaintiffs pleaded special harm, meeting the final requirement for defamation. The plaintiffs did not fail to state a claim upon which relief may be granted, according to Fed. R. Civ. Pro. 12(b)(6).

Accordingly,

IT IS ORDERED that Defendant Marsaw's Motion to Dismiss **[Doc. 20]** is DENIED.

SO ORDERED this the 16th day of January, 2019.

                                        /s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE