IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


KEVIN L. WILSON and DANA WILLIAMS WILSON                PLAINTIFFS

V.                              CAUSE ACTION NO. 5:18-CV-80-DCB-MTP

PHILIP WEST, Individually and in his Official
Capacity as Vice-President of the Natchez-
Adams School District;
JACQUELINE L. MARSAW, Individually and in
concert with Defendant, PHILIP WEST;
NATCHEZ-ADAMS SCHOOL DISTRICT BOARD OF
TRUSTEES; Amos James, Philip West, Thelma
Newsome and Brenda Robinson Individually and
in their Official Capacities and in concert
with Defendant, Philip West; and JOHN DOES
NOS. 1-10                                               DEFENDANTS


**<u>ORDER</u>**


Before the Court is the defendants Natchez-Adams School
District Board of Trustees' and Philip West's Motion to Dismiss
**[Doc. 12]**; the plaintiffs' Response in Opposition [Doc. 25]; the
defendants' Rebuttal [Doc. 36]; the defendants' Motion to Strike
**[Doc. 34]**; the plaintiffs' Response in Opposition [Doc. 41]; and
the defendants' Rebuttal [Doc. 43]. For the reasons that follow,
the Motion to Dismiss **[Doc. 12]** is DENIED and the Motion to Strike
**[Doc. 34]** is DENIED as moot.


I


The plaintiffs, Kevin L. Wilson and Dana Williams Wilson,
allege that the defendants infringed on a number of the plaintiffs'

constitutional rights, namely First, Fourth, Fifth, and Fourteenth Amendments. Doc. 1, p.2.

This matter began with a referendum election held in the Natchez-Adams School District on May 23, 2017, to determine whether the electorate in the district support the Natchez-Adams School District Board of Trustees ("the Board")'s proposal to issue general obligation bonds. Doc. 13, p.1. The electorate voted against the proposal. Id. Then, the Board turned to alternative means of raising funds and voted to issue Limited Tax Notes in the amount of $9 million ("Tax Notes") and Trust Certificates not to exceed $25 million ("Trust Certificates). Id.

The plaintiffs allege that on May 23, 2017, the Board's proposal to issue a general obligation bond was unsuccessful because a majority of the taxpayers and citizens of Natchez, Adams County, Mississippi, refused to fund the taxable bond. Doc. 1, p.6. The plaintiffs further allege that on or about July 5, 2017, the Board published a general notice of its intent to borrow $9 million to fund certain projects or plans. Doc. 1, p.6. The plaintiffs contend that between May 23, 2017, and July 5, 2017, "none of the minutes of the Natchez Adams School District Board reflect any open meetings in which such a purported Resolution was proposed, motioned, seconded, and voted upon as required by Miss. Code Ann. §§ 25-431-5 and 25-41-13." Doc. 1, p.7.

On July 20, 2017, the plaintiffs appeared before the Board, expressing their opposition regarding the Board's proposed issuance of bonds or Tax Notes. Doc. 1, p.5. The plaintiffs allege that the Board took no final action regarding the issue of its authority to borrow funds. The plaintiffs allege that Defendant West "defamed and slandered the [p]laintiffs by repeatedly, intentionally, maliciously and negligently stating with hate before the public that the [p]laintiffs were racist and were taking racist actions." Doc. 1, p.8, ¶9. The plaintiffs also claim that "Defendant Marsaw, in concert and conspiracy with Defendant West, caused defamatory and hate-driven [speech] and induced publications to be made on social media, which likewise evinces the patently false statements that the [p]laintiffs are racists and that all persons should therefore boycott the businesses and enterprises owned and operated by the [p]laintiffs, so as to cause loss and damages to the [p]laintiffs." Doc. 1, p.9, ¶11. The plaintiffs also claim that "[a]s a direct and proximate result of the actions and conduct of Defendant Marsaw, the [p]laintiffs have suffered actual and compensatory, incidental and consequential, damages all to their loss and detriment." Doc. 1, p.10, ¶11. Therefore, the plaintiffs allege that the defendants retaliated against the plaintiffs for expressing their First Amendment rights. Doc. 1, p.9, ¶11. The plaintiffs also make claims of mental

and emotional distress, invasion of privacy, and harming business opportunities. See Doc. 1.

## Standard of Review

The Fifth Circuit states that to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(citing and quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))). A complaint is facially plausible when it contains factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id.

The Court accepts well-pleaded facts as true and considers them in the light most favorable to the plaintiffs. In re ATP Oil & Gas Corp., 888 F.3d 122, 125-26 (5th Cir. 2018)(citing Bustos v. Martini Club, Inc., 599 F.3d 458, 461 (5th Cir. 2010)). To survive the defendants' motion, the plaintiffs must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" In re ATP Oil & Gas Corp., 888 F.3d 122, 126 (5th Cir. 2018)(citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In ruling on the defendants' motion, the Court may rely on the Complaint, its proper attachments, and documents

incorporated into the Complaint by reference. <u>Wolcott v. Sebelius</u>, 635 F.3d 757, 763 (5th Cir. 2011).

The plaintiffs cite <u>Conley v. Gibson</u>, 355 U.S. 41, 45-6 (1957) as authority for the proposition that, in determining the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. However, the plaintiffs should note that the United States Supreme Court abrogated <u>Conley v. Gibson</u>:

> This phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. . . . <u>Conley</u>, then, described the breadth of opportunity to prove what an adequate complaints claims, not the minimum standard of adequate pleading to govern a complaint's survival.

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 561 (2007)

**Analysis**

The defendants allege that the Complaint [Doc. 1] represents the plaintiff's third attempt to challenge the Board's actions and the state statutes that authorize the Board's actions. Doc. 13, p.2. The defendants allege that before the plaintiffs' Complaint was before this Court, Kevin Wilson, individually and on behalf of all similarly situated citizens of Adams County, filed a Motion

for Declaratory Judgment in the Chancery Court of Adams County. Doc. 13, p.2. The defendants also allege that Kevin Wilson, individually and on behalf of all similarly situated citizens of Adams County, had filed a Petition for Bill of Exceptions in the Circuit Court of Adams County. Doc. 13, p.2. The Chancery Court of Adams County held a validation hearing, entered findings of facts and conclusions, and later a final judgment regarding the Tax Notes and Trust Certificates. Doc. 13, p.2 (citing Exs. 4,5,6, & 7. Those decisions are now on appeal to the Mississippi Supreme Court. Doc. 13, p.2 (citing Cumulative Ex. 8).

The defendants allege numerous grounds for dismissal. They move to dismiss the plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), claiming that although "a party may not base a Rule 12(b)(6) motion on res judicata . . . the Fifth Circuit has held that res judicata may be considered and dismissal may be appropriate when the elements of res judicata are apparent on the face of the pleadings." Doc. 13, p.3. The defendants argue that elements of res judicata are apparent on the face of the pleadings. See Doc. 13, pp. 12-19.

The defendants also allege this Court lacks jurisdiction pursuant to the Rooker-Feldman doctrine and that the plaintiffs' state law claims are barred because the plaintiffs have allegedly

failed to comply with the notice requirements of the Mississippi Torts Claims Act. Doc. 13, p.2. The defendants claim that the

> only difference in Plaintiffs' Complaint and the allegations in the Motion for Declaratory Judgment in the Chancery matter is that Plaintiffs have now alleged that on July 20, 2017 Defendant West "then defamed and slandered the [p]laintiffs by repeatedly, intentionally, maliciously and negligently stating with hate before the public that the [p]laintiffs were racists and were taking racist actions."

Doc. 13, p.15. The defendants argue that the racial animus alleged by the plaintiffs is not new, and that even if it "could be read to be new or create a new theory of recovery, such allegations do not change the identity of the cause of action." Doc. 13, p.15. The plaintiffs rebut, stating that the "case is about the retaliatory boycott pursued by the [d]efendants, and others, and not about the validation of bonds under state statutory law." Doc. 25, p.2. The plaintiffs further argue that this Court is not bound by res judicata given the "limited scope and nature of the bond validation proceedings." Doc. 25, p.2. The plaintiffs argue that the only constitutional challenges in the bond validation litigation concern due process and equal protection issues as to the validity of the state statutes—not the alleged retaliation against the plaintiffs for their speech. Doc. 25, p.3. The plaintiffs maintain that "[t]his case is about the retaliatory boycott pursued by the [d]efendants, and others, and not about

validation of bonds under statutory law." Doc. 25, p.2, ¶2. The plaintiffs argue that the bond validation proceedings were limited in scope. Doc. 25, p.2. ¶3. They maintain that the only constitutional challenges in that litigation were due process and equal protection as to the validity of the statutes and not the alleged retaliatory actions taken against the plaintiffs. Doc. 25, pp.3-4, ¶3.

The defendants argue that elements of <u>res judicata</u> are apparent on the face of the Complaint. The Court disagrees. Because the Court considers all well-pleaded facts as true and considers them in the light most favorable to the plaintiffs at this stage of the proceedings, the Court finds that the plaintiffs allege facts outside of the scope of the validation hearings. Also, regarding the defendants' argument that this Court lacks subject matter jurisdiction, the Court disagrees. Although it is true that no court of the United States other than the United States Supreme Court may reverse or modify a state court judgment, a proceeding seeking reversal or modification of the Chancery Court findings is not before the Court in this case. <u>See</u> <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413, 415 (1923); Doc. 13, p.19. Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if the Court finds that the plaintiffs cannot prove any set of facts in support of their claim that would entitle the plaintiffs to relief. <u>Ramming v. United States</u>, 281 F.3d 158, 161

(5th Cir. 2001)(internal citations omitted). The Court makes no such finding in this case.

**II**

The defendants also move to strike the plaintiffs' exhibits [5-16] incorporated in the plaintiffs' Response [Doc. 25] as inadmissible, and urge that the exhibits should not be considered by the Court in ruling upon the defendants' Motion to Dismiss [Doc. 12]. Doc. 34, p.1, ¶2. The defendants state that the grounds for inadmissibility of the exhibits is that the documents are not properly before the Court. Id.

A court ordinarily decides a motion to dismiss for failure to state a claim looking only at the face of the complaint. E. H. v. Miss. Dept. of Educ., 2013 WL 4787354, at *1 (S.D. Miss. Sept. 6, 2013). However, the Fifth Circuit stated in Isquith ex rel. Isquith v. Middle S. Utils., Inc. that Rule 12(d) gives courts complete discretion to accept or not accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion. Id. (citing 847 F.2d 186, 194 n.3 (5th Cir. 1988)). In ruling on a motion to dismiss, the Court may rely on the Complaint, its proper attachments, and documents incorporated into the Complaint by reference. Wolcott v. Sebelius, 635 F.3d 757, 763 (5th Cir. 2011). Documents that are referred to in the plaintiffs' Complaint and that are central to the plaintiffs' claim are

9

considered part of the pleadings. <u>E. H. v. Miss. Dept. of Educ.</u>, 2013 WL 4787354, at *1 (S.D. Miss. Sept. 6, 2013) (citing <u>Causey v. Sewell Cadilla-Chevrolet, Inc.</u>, 394 F.3d 285, 288 (5th Cir. 2004)).

This Court denies the defendants' Motion to Dismiss based on the face of the Complaint [Doc. 1]. <u>See</u> discussion above. Moreover, the Court denies the defendants' Motion to Strike [Doc. 34].

Accordingly,

IT IS ORDERED that the Motion to Dismiss **[Doc. 12]** is DENIED;

IT IS FURTHER ORDERED that the Motion to Strike **[Doc. 34]** is DENIED.

SO ORDERED this the 31st day of January, 2019.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE